**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4186**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JAMIE LEE GROOMS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   R. Bryan Harwell, District Judge. (4:07-cr-01038-RBH-1)

Submitted:  September 16, 2008      Decided:  September 18, 2008

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Rose Mary Sheppard Parham, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamie Lee Grooms pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Grooms was sentenced to 180 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the district court fully complied with the requirements of Fed. R. Crim. P. 11. Counsel also questions whether Grooms's classification as an armed career criminal complies with the Sixth Amendment. Although Grooms was notified of his right to file a pro se supplemental brief, he did not do so, and the Government elected not to file a responding brief.

Because Grooms did not seek to withdraw his guilty plea in the district court, we review any alleged Rule 11 error for plain error. United States v. Martinez, 277 F.3d 517, 524-26 (4th Cir. 2002). To establish plain error, Grooms must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005). We have reviewed the record and find no error.

Grooms also contends that his classification as an armed career criminal violated the Sixth Amendment because it was based

2

on prior convictions that were not charged in the indictment and found by a jury beyond a reasonable doubt, nor admitted. After United States v. Booker, 543 U.S. 220 (2005), sentencing courts are still required to calculate the applicable advisory guideline range based on appropriate findings of fact. United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). We have previously noted that sentencing factors should continue to be evaluated based on the preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Moreover, in United States v. Cheek, 415 F.3d 349, 352-54 (4th Cir. 2005), we specifically determined that prior convictions used as a basis for enhancement under the Armed Career Criminal Act need not be charged in the indictment nor proven beyond a reasonable doubt.

The district court followed the necessary procedural steps in sentencing Grooms, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant 18 U.S.C. § 3553(a) (2000) factors. See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006). Furthermore, Grooms's 180-month sentence, which is below the lowest end of the applicable Guidelines range and the statutory minimum, may be presumed reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Thus, we conclude the district court did not abuse its

discretion in imposing the chosen sentence.  See <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>